GABROY LAW OFFICES
Christian Gabroy (#8805)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel   (702) 259-7777
Fax   (702) 259-7704
christian@gabroy.com
*ATTORNEY FOR PLAINTIFF*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ANNA WILLIAMS,<br><br>                Plaintiff,<br><br>v.<br><br>WIRTZ BEVERAGE NEVADA BEER, INC., a/k/a and d/b/a WIRTZ BEVERAGE NEVADA; WIRTZ BEVERAGE GROUP; AMERICAN MART CORPORATION; JAMES P. HARRINGTON, II, an Individual; NICO AMOROSO, an Individual; EMPLOYEE(S)/AGENT(S) DOES 1-10; and ROE CORPORATIONS 11-20, inclusive,<br><br>                Defendants. | Case No: 2:14-cv-01747-KJD-VCF<br><br>**PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO SERVE NICO AMOROSO AND JAMES P. HARRINGTON, OR, IN THE ALTERNATIVE, ALLOW SERVICE BY PUBLICATION AND RESPONSE TO NOTICE OF INTENT TO DISMISS** |

Plaintiff, Anna Williams, by and through her attorney Christian Gabroy of Gabroy Law Offices, and pursuant to FRCP 4(m), moves this Court for an Order allowing Enlargement of Time, or, in the Alternative, Allow Service of Publication for Nico Amoroso and James P. Harrington, and any other Relief this Honorable Court Deems Appropriate.

DATED this 25th day of November 2014.

GABROY LAW OFFICES

By: ____/s/ Christian Gabroy____
Christian Gabroy (#8805)
170 South Green Valley Parkway
Suite 280
Henderson, Nevada 89012

Tel  (702) 259-7777
Fax  (702) 259-7704

## STATEMENT OF FACTS

This action arises under federal and state laws regarding unlawful employment practices. The corporate defendants in this case including Wirtz Beverage Group, LLC, Wirtz Beverage Nevada Beer, Inc. a/k/a Wirtz Beverage Nevada, American Mart Corporation have all been served. It appears that individual Defendant Nico Amoroso, and individual Defendant James P. Harrington have yet to be served despite diligent attempts.

Plaintiff filed suit on or about June 27, 2014 in state District Court. Plaintiff timely effectuated service upon the Corporate Defendants and they have answered the Complaint. Plaintiff's counsel, during the initial 120 day service period, attempted service upon individual defendants and is still attempting service upon same.

On or about October 21, 2014 and in state District Court, within the 120 day period, Plaintiff filed the attached Motion for Enlargement of Time to Serve the individual defendants or for publication. *See* Exhibit I. Plaintiff hereby incorporates all arguments into this Motion *Instanter*.

Unfortunately, and because, upon information and belief, such Motion was not docketed with the Petition for Removal, the pending state Court Motion for Enlargement was not calendared in this Court.

On or about October 22, 2014, corporate Defendants removed this Action but such Motion for Enlargement or Service by Publication has not been calendared in this Court.

On or about October 27, 2014, this Court issued its notice regarding intention to dismiss per Rule 4m and this Motion is such good cause in response to such Notice.

The process server went to extreme lengths to contact the individual Defendants with multiple attempts to serve.  *See* Exhibit I to Exhibit I, affidavit of attempted Service on James Harrington.  Further, such process server is still attempting to serve James Harington at his Chicago location.

After a skip trace, a California person with the same name of Defendant Nico Amoroso was served. *See* Exhibit II.

Unfortunately, Defendants, on October 21, 2014, also stated in an email that they could not accept service upon the individual Defendants.

Such email was received below in response to Plaintiff's timely request for Defendant's counsel to accept service.

Hi Christian.

I was wrapped up in meetings, but wanted to let you know that we are not authorized by our client to accept service on behalf of the individually-named Defendants.

However, I received your Motion for Enlargement of Time to Effectuate Service, so it appears you are taking steps in case service cannot be conducted within the initial 120 days.

Thank you for following up with us on the service issue.

*Jen J. Sarafina*

Kamer Zucker Abbott
3000 West Charleston Blvd., Suite 3
Las Vegas, NV 89102
(702) 259-8640 (Phone)
(702) 259-8646 (Fax)
jsarafina@kzalaw.com

Further, Defendants, in their Joint Status Report regarding removal have stated that such individual Amoroso that was served in California is not the correct Amoroso. However, and unfortunately, Defendants have not provided any known address for the

correct Amoroso and the individual defendants and have not agreed to accept service for the individuals. Dkt. 15 at 2 of 3. As such, individual Defendants should be allowed to be served via publication.

### Good Cause Has Been Established for Publication or Extension of Service FRCP 4m states:

4 (m) TIME LIMIT FOR SERVICE. If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

As this Court is well aware, in *Crowley v. Bannister*, 734 F.3d 967, 975 (9th 2013), this Court has the ability to extend service upon a showing of good cause. Whether analyzed under the dictates for service in state Court or good cause in federal case law, such showing is clearly made here.

Accordingly, the considerations outlined in *Scrimer v. Eighth Judicial District Court*, 116 Nev. 507, 998 P.2d 1190 (2000) have been satisfied for such extension. This is the first request for extension of time to obtain service and is filed before the time to effectuate service. .

Further, immediately after filing suit, Plaintiff's counsel tried a wrongful death action, Plaintiff's counsel's associate left the firm, and Plaintiff's counsel was involved in a car accident and suffered an injury on September 12, 2014. Plaintiff counsel was a sole practitioner. Plaintiff's counsel is still receiving medical treatment two times a week and attempting to rehabilitate. In the event this Honorable Court is not willing to grant such extension, Plaintiff respectfully requests that right to serve the individual defendants by publication.

Rule 6(b) of the Nevada Rules of Civil Procedure states that where the time to perform an act has not yet expired, the court, upon motion, may enlarge the period of time required for service of the Complaint upon the Defendants where good cause is shown for said extension. As the time to serve under Rule 4 has not yet expired, Plaintiff is required to show good cause, as opposed to excusable neglect.

Good cause exists as Plaintiff has not sat on their hands during the period of time afforded by Rule 4 to effect service. Rather, as stated above in the statement of facts, which is incorporated herein by this reference, Plaintiff has made every effort to effectuate service upon the individual Defendants, corrected service upon an entity and now needs to serve the complaint upon the individual Defendants. Plaintiff's counsel has hired a process server and the process server has attempted

Thus and under Rule 4, this will be beyond the time allowed under Rule 4 as the time period under Rule 4 will have run and the action will be dismissed against said Defendants if additional time is not granted.

In the event this Court is not inclined to grant additional time, Plaintiff requests the change to serve by publication of service as addressed below:

## II.
## **LEGAL ARGUMENT**

Further, under FRCP 4e1, such Rule allows service to be made in accordance with state law. As such, Plaintiff requests publication for service upon the individual Defendants.

In salient part, NRCP 4(e)(1)(i) states the following:

> In addition to methods of personal service, when the person on whom service is to be made resides out of the state, or has departed from the state, ***or cannot,***

> ***after due diligence, be found within the state***, or by concealment seeks to avoid the service of summons, and the fact shall appear, by affidavit, to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit or by a verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made, and that the defendant is a necessary or proper party to the action, ***such court or judge may grant an order that the service be made by the publication of summons***.

Furthermore, NRCP 4(e)(1)(iii) provides that

> The order shall direct the publication to be made in a newspaper, published in the State of Nevada, to be designated by the court or judge thereof, ***for a period of 4 weeks, and at least once a week during said time***.

(Emphasis added).

In the matter before this Honorable Court, Plaintiff has diligently attempted to serve Defendants. *See Exhibit 1 to Exhibit I and statement of fact section*. Plaintiff reasonably believes that the individual Defendants are attempting to evade service.

However, Plaintiff is unaware where Defendant presently resides, for certain, although an address has been given in Chicago and the process server is attempting service in Chicago and/or where he could be found to effectuate service, which necessitates service by publication of the Summons pursuant to NRCP 4(e).

For the foregoing reasons, Plaintiff respectfully requests that she be granted an additional one hundred and twenty (120) days, up to and including March 25, 2015 to serve her Complaint on the aforementioned individual Defendants or in the alternative

DATED this __25_ day of November 2014.

Respectfully submitted,

GABROY LAW OFFICES

|   |                                                                 |
|---|-----------------------------------------------------------------|
|   | By /s/ Christian Gabroy_____                                   |
|   | GABROY LAW OFFICES                                              |
|   | Christian Gabroy (#8805)                                        |
|   | The District at Green Valley Ranch                              |
|   | 170 South Green Valley Parkway, Suite 280                       |
|   | Henderson, Nevada 89012                                         |
|   | Tel    (702) 259-7777                                           |
|   | Fax    (702) 259-7704                                           |

## CERTIFICATE OF SERVICE

Pursuant to FRCP, I hereby certify that the following parties by the rules of the FRCP on this 25th day of November 2014 have been served with this Motion:

KAMER ZUCKER ABBOTT
Scott M. Abott
Jen. J Sarafina
3000 West Charleston Blvd., Suite 3
Las Vegas, NV 89102-1990
Tel: (702) 259-8640
Fax: (702) 259-8646
sabot@kzalaw.com
jsarafina@kzalaw.com
*Attorneys for Defendants*
*Wirtz Beverage Nevada Beer, Inc.*
*Wirtz Beverage Group*
*American Mart Corporation*

GABROY LAW OFFICES

By: ____/s/ Christian Gabroy____
Christian Gabroy (#8805)
170 South Green Valley Parkway
Suite 280
Henderson, Nevada 89012
Tel     (702) 259-7777
Fax    (702) 259-7704