**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| ANNA WILLIAMS, | |
| Plaintiff, | 2:14–cv–1747–KJD–VCF |
| vs. | **ORDER** |
| WIRTZ BEVERAGE NEVADA BEER, INC., *et al*., | |
| Defendants. | |

This matter involves Anna Williams' employment-discrimination action against, *inter alia*, the Wirtz Beverage Group. Before the court is Williams' Motion to Extend Time for Service of Process or, in the alternative, Motion to Serve by Publication (#16[1]). The Wirtz Beverage Group opposed (#17); and Williams replied (#21). For the reasons discussed below, Williams' motions is granted.

**DISCUSSION**

Williams' motion raises two questions: (1) whether the court may extend the time to serve the Nico Amoroso and James Harrington under Federal Rule of Civil Procedure 4(m); and, (2) whether Williams may serve the Nico Amoroso and James Harrington by publication under Nevada Rule of Civil Procedure 4(e)(1)(i). Both questions are addressed below.

**A.**   *Williams' Motion to Extend Time is Granted*

Williams' motion to extend the time to serve the Nico Amoroso and James Harrington is granted. Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038,

---

[1] Parenthetical citation refer to the court's docket.

1

1041 (9th Cir. 2003). The Supreme Court has stated that the 120–day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the 120–day period has expired. Rather, Rule 4(m) permits a district court to grant an extension of time to serve the complaint after that 120–day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). The Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." *See* FED. R. CIV. P. 4(m), Advisory Comm. Notes (1993).

Generally, "good cause" is equated with diligence. *See* WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 1337. In the Ninth Circuit, a showing of good cause requires more than simple inadvertence, mistake of counsel, or ignorance of the rules. *See National Union Fire Ins. Co. v. Monroe*, No. 10–cv–0385, 2011 WL 383807, at *1 (D. Nev. Feb. 2, 2011). "At a minimum, good cause means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) the plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir.1991).

Williams has satisfied this standard. Williams has hired a process server and investigator to locate Nico Amoroso and James Harrington who reside out of state. Williams also successfully served a Nico Amoroso in California, only to later learn that it was the wrong Nico Amoroso. Additionally, Williams' counsel—who is a sole practitioner—states that service, and moving to extend the time to serve, has been delayed because he tired a wrongful death action and was subsequently in a car accident. This satisfies the

good cause standard because it is more than simple inadvertence, mistake of counsel, or ignorance of the rules. Defendants' assertion that Williams' motion should be denied because Williams waited "until the eleventh hour" is unavailing under the circumstances.

### B.     *Williams' Motion to Serve Nico Amoroso & James Harrington by Publication is Granted*

Williams' motion to serve Nico Amoroso and James Harrington by publication is also granted. The Federal Rules of Civil Procedure do not expressly permit service by publication. Rule 4(e)(1), however, permits a plaintiff to serve a defendant "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

In Nevada, Rule 4 of the Nevada Rules of Civil Procedure governs service of parties under state law. Parties are required to personally serve summons and the complaint upon defendants; however, when personal service proves impossible, Rule 4(e)(1)(i) provides that a party may move for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or conceals himself to avoid the service of summons." *Id*.

"A party seeking service by publication must seek leave of court by filing an affidavit demonstrating its due diligence in attempting to personally serve the defendant. There are several key factors Nevada courts look to in evaluating a party's due diligence in effecting service." *Id.* Nevada courts principally consider the number of attempts made by a plaintiff to serve a defendant at his or her residence and other methods of locating defendants, such as consulting public directories and family members. *Id*.; citing *Price v. Dunn*, 106 Nev. 100, 787 P.2d 785, 786–7 (Nev. 1990), *rev'd on other grounds*, *NC–DSH, Inc. v. Garner*, 125 Nev. 647, 651 n. 3, 218 P.3d 853 (2009); *Abreu v. Gilmer*, 115 Nev. 308, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 110 Nev. 463, 874 P.2d 1240, 1241 (Nev. 1994).

In *Price*, for instance, the Nevada Supreme Court found service by publication was not warranted, stating "where other reasonable methods exist for locating the whereabouts of a defendant, plaintiff should exercise those methods." 787 P.2d at 786–7. There, the plaintiff contacted the defendant's stepmother, and upon hearing that the defendant lived out of state, moved for service by publication. *Id*. at 105, 787 P.2d 785. The Price court held that, "although [plaintiff's] affidavit technically complies with Rule 4(e)(1)(i), her actual efforts, as a matter of law, fall short of the due diligence requirement to the extent of depriving [defendant] of his fundamental right to due process." *Id*.

In contrast, in *Abreu*, the Nevada Supreme Court determined that the plaintiff exercised due diligence in attempting service because it made three attempts at the defendant's possible address and also consulted telephone company directories. *See* 115 Nev. at 311.

Here, Williams met the threshold requirement of submitting an "affidavit." *See* NEV. R. CIV. P. 4(e)(1)(i); (*see also* Pl.'s Mot. (#16) at Ex. I); (Doc. #20). Additionally, Williams has at least met, if not exceeded, the efforts displayed by the plaintiffs in both *Price* and *Abreu.* Williams has perfected service on an individual named Nico Amoroso and attempted to serve James Harrington at least five times at one address and at least once at a second address. Nico Amoroso and James Harrington's counsel also has notice of Williams' action but refuses to accept service on their behalf. The court finds that this is sufficient to permit service of process by publication under Nevada law so that Williams' action may be decided upon the merits.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff Anna Williams' Motion to Extend Time for Service of Process or, in the alternative, Motion to Serve by Publication (#16) is GRANTED. Williams has an additional 120 days from the date of this order to perfect service on Nico Amoroso and James Harrington by publication.

4

IT IS SO ORDERED.

DATED this 2nd day of January, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE